Raymond FROSCO, Frank Lampone, Charleton Reynar, Ralph Lombardi, Pat Damiani, Jr., William Longcore, Gilbert Heim, Sr., Jeffrey Seidel, Joseph Deleonardis, Vincent Cacioppo, John Hill, Ray Pantel, Arnold Hecht, Craig Jacobs, Gordon Lee Umphlet, Robert Dizzine, Michael Bradford, Timothy Riley, Kevin Campbell, Robert Schwartz, William Moreno, Richard Parker, Trustees of the International Brotherhood of Electrical Workers Local Union 363 Welfare Fund, Pension Fund, Annuity Fund, Vacation and Paid Holiday Fund, Journeyman and Apprentice Training Fund, Plaintiffs–Appellants,

v.

The PYRAMID COMPANIES III; Robert J. Congel; Leonard Leveen; PCM Development Company; Gary L. Dower; Riesling Associates; James A. Tuozzolo; Marc A Malfitano; Eldamar Associates; Thomas J. Valenti; Leslie G. Granger; Renee St. Pierre; Mark J. Congel; William L. Cappelletti; Peter C. Steingraber; G.C. Monaco & Daughter, Inc.; and Pyramid Management Group, Inc., Defendants–Appellees.

The Pyramid Companies III; Robert J. Congel; Leonard Leveen; PCM Development Company; Gary L. Dower; Riesling Associates; James A. Tuozzolo; Marc A. Malfitano; Eldamar Associates; Thomas J. Valenti; Leslie G. Granger; Renee St. Pierre; Mark J. Congel; William L. Cappelletti; Peter C. Steingraber, Third–Party–Plaintiffs,

v.

American Bankers Insurance Company, American Bankers Insurance Company of Florida, Third–Party–Defendant.

No. 00–7789.

United States Court of Appeals, Second Circuit.

Jan. 22, 2001.

David W. Silverman, Granik Silverman Campbell & Hekker, New City, NY, for appellants.

Eric M. Alderman, Alderman, Taddeo & Associates, Syracuse, NY, for appellees.

Present KEARSE, JACOBS and CABRANES, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed in part and reversed in part.

Plaintiffs Raymond Frosco *et al.*, trustees of various employee benefit funds (collectively the "Trustees"), appeal from a judgment of the United States District Court for the Southern District of New York which (a) dismissed pursuant to Fed. R.Civ.P. 12(c) their claims alleging principally that defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by failing to make contractually required payments to the funds, and (b) awarded defendants $18,524 in attorneys' fees under ERISA, 29 U.S.C. § 1132(g)(1).

We affirm the dismissal substantially for the reasons stated in Judge Rakoff's Memorandum Order dated September 27, 1996 ("Merits Order"), which found it unclear that defendant PCM Development Company ("PCM") was an employer within the meaning of ERISA, and ruled, *inter alia,* that, in any event, the agreement signed

by PCM did not, under ERISA, obligate it to make contributions to the funds.

We reverse, however, so much of the judgment as awards attorneys' fees to defendants pursuant to ERISA. First, a party who succeeds in defeating a claim that ERISA is applicable is not entitled to attorneys' fees under ERISA for defending that claim. *See Trans World Airlines, Inc. v. Sinicropi*, 84 F.3d 116, 116 (2d Cir.) (per curiam), *affirming* 887 F.Supp. 595, 617 (S.D.N.Y.1995) (denying award of fees requested pursuant to § 1132(g)(1) where the "action d[id] not arise under ERISA. Defendants prevailed because of the [Railway Labor Act], and the rights provided by ERISA had no bearing on this case."), *cert. denied*, 519 U.S. 949, 117 S.Ct. 360, 136 L.Ed.2d 252 (1996).

Second, even if § 1132(g)(1), which gives the court discretion to award reasonable attorneys' fees to either party in an ERISA action, were applicable, we would conclude that an award in favor of defendants here was inappropriate. The factors to be taken into account in determining how to exercise that discretion are generally

> "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants."

*Salovaara v. Eckert*, 222 F.3d 19, 27–28 (2d Cir.2000) (quoting *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir.1987) ("*Chambless*")). These factors are applicable regardless of which party seeks attorneys' fees, *Salovaara v. Eckert*, 222 F.3d at 28; *Anita Foundations, Inc. v. ILGWU National*

*Retirement Fund*, 902 F.2d 185, 188–89 (2d Cir.1990) (upholding a fee award to defendants where, *inter alia*, the plaintiffs "did not demonstrate a colorable legal position" and their suit "was in direct contravention of settlement agreements that were several years old"); but, given that this test is designed to further "ERISA's essential remedial purpose [of] protect[ing] beneficiaries of pension plans," *Salovaara v. Eckert*, 222 F.3d at 28 (internal quotation marks omitted), application of the *Chambless* factors "very frequently suggest[s] that attorney's fees should not be charged against ERISA plaintiffs," *id.* (internal quotation marks omitted).

Application of most of these factors to the present controversy requires the denial of a fee award to defendants. For example, in ruling on the fee application, Judge Jones "f[ou]nd no bad faith on the part of the plaintiffs." Order Adopting Report and Recommendation, dated May 8, 2000 ("Fee Order"), at 2. Further, for many of the reasons discussed in *Salovaara v. Eckert*, which was decided several months after the fee award in this case, other factors likewise militated against an award of fees to these defendants. For example, although the district court here stated that the Trustees had "a higher degree of culpability than defendants," Fee Order at 2, we noted in *Salovaara*

> that the culpability of a losing plaintiff significantly differs from that of a losing defendant: A losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate. A losing plaintiff, on the other hand, will not necessarily be found "culpable," but may be only in error or unable to prove his case.

222 F.3d at 28 (internal quotation marks omitted). *See also id.* at 30 (reversing

ERISA fee award to the defendant where the ERISA claims asserted by the plaintiff "were not entirely devoid of merit," and noting that the plaintiff had prevailed in a state-court action that was related to his unsuccessful ERISA suit).

In the present case, while the Trustees failed to prove a claim under ERISA, we cannot uphold the finding that they were more "culpable" than the defendants. There seems to be no dispute that in January 1992, the defendant subcontractor was four months delinquent in making required contributions to the various employee benefits funds in connection with the project in question; that, as a consequence, the local union balked at continuing to supply electricians for the project; that the Trustees then entered into a multi-party contract in which the union agreed to supply the necessary electricians, the subcontractor acknowledged its obligation to make contributions to the funds, and PCM, the developer, agreed to make its payments to the subcontractor in the form of checks payable jointly to the subcontractor and the Trustees; and that PCM thereafter failed to include the Trustees as payees on those checks. In bringing the present action, the Trustees were clearly seeking to recover moneys owed to the funds, and they invoked ERISA on the theory that PCM's entering into the agreement requiring that its checks to the subcontractor list the Trustees among the payees brought PCM within ERISA's definition of an employer and in effect obligated it to make the contributions. The Trustees argued that that view was warranted by the statutory definition and an opinion of this Court, both of which state that the term "employer" includes an entity acting "indirectly in the interest of an employer in relation to an employee benefit plan. 29 U.S.C. § 1002(5)." *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 575 (2d Cir.1995) (holding that a surety

was not an employer). While we agree with the district court's ruling in the Merits Order that PCM's agreement to list both the subcontractor and the Trustees as payees did not obligate PCM to make contributions, and hence there was no cause of action under ERISA, the Trustees' position "w[as] supported by ... good faith arguments to extend, modify, or reverse the law of this Circuit," *Salovaara v. Eckert*, 222 F.3d at 30 (internal quotation marks omitted), and their reading of the statute was neither "frivolous" nor "entirely devoid of merit," *id.* at 29–30.

In its Fee Order in the present case, the district court found that the Trustees had "a higher degree of culpability than defendants" based on findings that "the plaintiffs permitted unpaid ERISA benefit fund contributions to accumulate," that the joint-payee agreement they entered into did not in fact secure payment and was ineffective to create liability under ERISA, and that they litigated their ERISA claims until the defendants moved to dismiss. Fee Order at 2. It is, however, incompatible with the *Chambless* test—and with ERISA's essential purpose of protecting plan beneficiaries—to conclude that, because the Trustees's efforts to collect unpaid employee benefit fund contributions were ineffective to secure payment or to create liability under ERISA, the Trustees were more culpable than the persons who breached their contractual obligations to make or facilitate those contributions.

At oral argument of this appeal, defendants argued that, rather than asserting claims under ERISA, the Trustees should have brought an action in state court for breach of contract. We cannot accept the view that plan fiduciaries should be deemed more culpable than delinquent or breaching defendants merely because the fiduciaries' attempt to recover moneys to

which the funds appear to be entitled was pursued under the wrong legal theory.

In addition, the district court's view that the fifth *Chambless* factor favored an award of fees "because no common benefit to a group of pension plan participants occurred," Fee Opinion at 3, was erroneous. The lack of a common benefit is a reason to deny fees, not a reason to award them. Given ERISA's essential purpose of protecting plan beneficiaries, plan fiduciaries should not be discouraged "from bringing suits in good faith," *Salovaara v. Eckert,* 222 F.3d at 31 ("Congress intended the fee provisions of ERISA to encourage beneficiaries to assert their rights without fear of being responsible for the fees and costs of their opponent's attorneys if they failed to prevail.[] This consideration is even more significant in a case such as this, where the plaintiff is a fiduciary under ERISA." (internal quotation marks omitted)); *see also id.* (where the plaintiffs are ERISA fiduciaries and "ha[ve] pursued a colorable (albeit unsuccessful) claim, the third *Chambless* factor [*i.e.,* deterrence] ... weighs strongly *against* granting fees to the prevailing defendant" (emphasis in original)). The district court noted in the present case that the fee award would have little deterrent effect on the Trustees themselves because the award would be paid out of the benefit funds. Thus, far from conferring a common benefit or protecting fund beneficiaries, the award of fees here would decrease the common fund in order to pay fees to parties who apparently ignored their contractual obligations to make or facilitate contributions to the funds. In all the circumstances, we conclude that an award of fees to these defendants pursuant to § 1132(g)(1), was an abuse of discretion.

We have considered all of the parties' contentions on this appeal, including plaintiffs' claims under the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.,* and, except to the extent indicated above, have found them to be without merit. The judgment of the district court is affirmed insofar as it dismissed the action, and is reversed insofar as it awarded defendants attorneys' fees.

No costs.